IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05cv99-H |
| | ) | WO |
| JAMES DEWAYNE NIX | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is before the court on a pleading styled as a "*Motion to Set Aside and/or Vacate Sentence; or in the Alternative, Motion to Amend*" (Doc. 1), filed through counsel by federal inmate James DeWayne Nix ("Nix") on February 2, 2005.  By his motion, Nix seeks to use Rule 35 of the Federal Rules of Criminal Procedure to challenge the 27-month sentence he received in June 2004 for his conviction for being a felon in possession of a firearm., a violation of 18 U.S.C. § 922(g)(1).  Alternatively, Nix challenges his sentence pursuant to 28 U.S.C. § 2255.  Nix argues that his sentence violates the principles of *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005).  For the reasons set out below, Nix is not entitled to the relief he seeks through his motion.

**DISCUSSION**

**A.  Relief under Rule 35 of the Federal Rules of Criminal Procedure**

In challenging his sentence, Nix purports to employ the provisions of Rule 35 of the Federal Rules of Criminal Procedure.  However, that rule does not authorize an attack on the sentence in this case.  Rule 35(a), *Fed.R.Crim.P.*, provides that "[w]*ithin 7 days after sentencing*, the court may correct a sentence that resulted from arithmetical, technical, or

other clear error." (Emphasis added.)  Sentencing for Nix took place on June 4, 2004.  *See United States v. Nix*, CR No. 2:03cr132 - Court Doc. 74.  The instant motion was filed on February 2, 2005.  Thus, assuming – without finding – that Nix sets forth claims falling under the ambit of Rule 35(a), an attempt to challenge his sentence under that rule would be untimely.

Rule 35(b), *Fed.R.Crim.P.*, provides for the reduction of a sentence, "[u]pon the government's motion," based upon a defendant's providing "substantial assistance in investigating or prosecuting another person."  The instant motion was filed by Nix (through counsel), and Nix does not allege that he is entitled to a sentence reduction based upon any assistance he has provided to the government.  Therefore, Rule 35(b) – like Rule 35(a) – does not provide Nix a vehicle for attacking his sentence.

**B.     Relief under 28 U.S.C. § 2255**

Alternatively, Nix moves to challenge his sentence pursuant to the provisions of 28 U.S.C. § 2255, and, indeed, he seeks relief appropriate only under the remedy provided by § 2255.  However, Nix acknowledges – and a review of the court's records confirms – that the direct appeal in Nix's criminal case is currently pending before the United States Court of Appeals for the Eleventh Circuit.[1]  The general rule is that, absent extraordinary circumstances, a movant may not seek collateral relief while his direct appeal is pending.  *See*

---

[1] The docket report for CR No. 2:03cr132 reveals that USCA No. 04-13397-BB is the appellate case number assigned to Nix's appeal.

*United States v. Khoury*, 901 F.2d 975, 976 (11th Cir.), *modified on other grounds*, 910 F.2d 713 (11th Cir. 1990); *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972) (per curiam); *Welsh v. United States*, 404 F.2d 333 (5th Cir. 1968)[2]; *see also Advisory Committee Note to Rule 5, Rules Governing Section 2255 Proceedings for the United States District Courts*.

Nix presents this court with no extraordinary circumstances that would require the consideration of his § 2255 motion during the pendency of his direct appeal. Therefore, it is clear that this case should be dismissed without prejudice, as this court lacks jurisdiction over the motion. *See Khoury*, *supra*, 901 F.2d at 976 ("[A movant] may pursue his collateral remedies without prejudice when jurisdiction is revested in the district court.").

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Nix be dismissed without prejudice as this court lacks jurisdiction over the motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before June 22, 2005. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be

---

[2]The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

DONE, this 9th day of June, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE